UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                    Case No. 24-40558

ROGER MARION,                                             Chapter 13

            Debtor.                                       Judge Thomas J. Tucker

_____/

### ORDER DISMISSING CASE

On January 19, 2024, the Debtor filed a voluntary petition for relief under Chapter 13,

commencing this case. But the Debtor is not eligible to be a debtor in this case, under 11 U.S.C.

§ 109(g)(2), which provides:

> (g)     Notwithstanding any other provision of this section, no
> individual or family farmer may be a debtor under this title who
> has been a debtor in a case pending under this title at any time in
> the preceding 180 days if–
> . . .
>          (2) the debtor requested and obtained the voluntary
> dismissal of the case following the filing of a request for relief
> from the automatic stay provided by section 362 of this title.

11 U.S.C. § 109(g)(2).

The Debtor was a debtor in a case pending within 180 days before filing this case: Case

No. 20-43297, a Chapter 7 case[1] which was voluntarily dismissed on motion of the Debtor on

December 15, 2023.

In that prior case, two different creditors filed motions for relief from the automatic stay,

before the Debtor moved for a voluntary dismissal of the case. On January 15, 2021, creditor

Global Lending Services LLC filed a motion for relief from the automatic stay (Docket # 43 in

---

[1] The case was originally filed on March 6, 2020 as a Chapter 13 case. On October 24, 2023, the
Debtor voluntarily converted the case to Chapter 7 (Docket # 80).

Case No. 20-43297).  On February 5, 2021, the Court entered an order upon the stipulation of the parties, modifying the automatic stay as to Global Lending Services LLC (Docket # 49 in Case No. 20-43297).

On July 31, 2023, creditor AmeriCredit Financial Services, Inc. filed a motion for relief from the automatic stay (Docket # 72 in Case No. 20-43297).  On August 21, 2023, the Court entered an order granting relief from stay as to AmeriCredit Financial Services, Inc. (Docket # 76 in Case No. 20-43297).

On October 26, 2023, the Debtor filed a motion to voluntarily dismiss Case No. 20-43297.  (Docket # 83 in Case No. 20-43297).  On December 15, 2023, the Court entered an order granting the Debtor's motion and dismissing the case.  (Docket # 102 in Case No. 20-43297).

The Court reiterates what it has held about § 109(g)(2) in numerous prior cases, including the case of *In re Turner*, 583 B.R. 910, 911 (Bankr. E.D. Mich. 2018):

> The Court agrees with the cases holding that (1) dismissal under § 109(g)(2) is mandatory when that statute applies; dismissal is not discretionary; and (2) it is irrelevant under § 109(g)(2) whether there is some causal link or nexus between the filing of a stay relief motion on the one hand, and the debtor's later voluntary dismissal of the case on the other hand. **Section 109(g)(2) applies, and requires dismissal, in every situation in which, in a prior case pending within 180 days before the filing of the present case, a creditor filed a motion for relief from stay and the debtor later voluntarily dismissed the case**, regardless of the debtor's good faith or whether there was any particular connection between the two events.  *See Andersson v. Security Federal Savings and Loan of Cleveland (In re Andersson)*, 209 B.R. [76-78 (B.A.P. 6th Cir.] 1997), and cases cited therein.  The undersigned judge has so ruled in previous bench opinions, and

2

> adheres to that ruling now. *See, e.g., In re Sigh*, Case No. 09-62738, November 19, 2009 bench opinion at 5-6 (a copy of the transcript of that bench opinion, . . . is filed in the *Sigh* case at Docket # 42 . . .).
>
> *See also In re Steele*, 319 B.R. 518, 520 (Bankr. E.D. Mich. 2005) (McIvor, J.).

*Id.* (emphasis added) (citation omitted); *see also In re Donaldson*, 646 B.R. 807, 809 (Bankr. E.D. Mich. 2022) (same); *In re Boston*, 636 B.R. 483, 484 (Bankr. E.D. Mich. 2022) (same); *In re Galloway*, 638 B.R. 871, 872-73 (Bankr. E.D. Mich. 2022) (same); *In re Holloway*, 635 B.R. 149, 149-50 (Bankr. E.D. Mich. 2022) (same); *In re Baker*, 635 B.R. 147, 148 (Bankr. E.D. Mich. 2022) (same) *In re Bussell*, 626 B.R. 891, 892-93 (Bankr. E.D. Mich. 2021) (same); *In re Payton*, 626 B.R. 886, 888 (Bankr. E.D. Mich. 2021) (same); *In re Stachurski*, 613 B.R. 251, 252 (Bankr. E.D. Mich. 2020) (same).

Based on the facts stated above, the Debtor is not eligible to be a debtor in any bankruptcy case filed within 180 days after December 15, 2023, and therefore the Debtor is not eligible to file any bankruptcy case until on or after June 13, 2024. As a result, this case (filed January 19, 2024) must be dismissed.

Accordingly,

IT IS ORDERED that this bankruptcy case is dismissed.

**Signed on January 26, 2024**



/s/ **Thomas J. Tucker**

**Thomas J. Tucker**
**United States Bankruptcy Judge**

3